IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                            ORDER

       v.                                           98-cr-34-bbc

GREGORY A. FAULKNER,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the revocation of Gregory A. Faulkner's supervised release was held on February 21, 2008, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Laura Przybylinski Finn. Defendant was present in person and by counsel, Paul F. X. Schwartz. Also present was Senior United States Probation Officer William T. Badger, Jr.

From the record and defendant's stipulation I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on July 22, 1998, following his conviction for bank robbery in violation of 18 U.S.C. § 2113(a)(Case No. 98-CR-34-S-01). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 57 months, with a three-year term of supervised release to follow. He was ordered to pay restitution in the amount of

$2,488.

While in custody for the bank robbery charge, defendant escaped from a community corrections center, in violation of 18 U.S.C. § 751(a). He was sentenced in the Western District of Wisconsin on November 22, 2002, on the conviction for escape (Case No. 02-CR-68-S-01). This offense is a Class D felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 11 months, with a three-year term of supervised release to follow.

On July 18, 2003, defendant began his concurrent three-year terms of supervised release in Case No. 98-CR-34-S-01 and Case No. 02-CR-68-S-01. On October 10, 2003, his supervised release term in Case No. 02-CR-68-S-01 was revoked and he was sentenced to 24 months' imprisonment with no supervised release to follow after he had been convicted in the Circuit Court for Rock County, Wisconsin, in Case No. 2003CF002812 for false imprisonment of his wife. In state court he was sentenced to five years' probation on the false imprisonment conviction. His term of supervised release in Case No. 98-CR-34-S-01 was tolled with 32 months remaining.

On July 19, 2005, defendant began his 32-month term of supervised release in Case No. 98-CR-34-S-01 and also began serving his five-year state probation term in Case No. 2003CF002812. On November 3, 2006, defendant was arrested for disorderly conduct following a physical altercation with his fiancée Sandra Robert. The disorderly conduct charges were dismissed but the behavior resulted in the revocation of defendant's state probation on February 6, 2007, and a sentence of two years' custody and two years' extended

supervision. The behavior associated with the disorderly conduct charges also resulted in a supervised release warrant in Case No. 98-CR-34-S-01, which is the basis for this judicial review.

Defendant stipulates that he violated the mandatory condition of his supervised release prohibiting him from committing a new federal, state or local crime. Defendant's violation falls into the category of a Grade C violation as defined by §7B1.1(a)(3) of the sentencing guideline policy statements for violations of supervised release. Upon a finding of a Grade C violation, §7B1.3(a)(2), a court may revoke supervised release, extend it or modify the conditions of release.

Defendant's violation warrants revocation. This is the second act of aggression defendant has committed against a woman while on supervision. Accordingly, the three-year term of supervised release imposed in Case No. 98-CR-34-S-01 on July 22, 1998, will be revoked.

Defendant's criminal history category is VI. With a grade C violation and a criminal history category of VI, defendant has a sentencing guideline imprisonment range of 8 to 14 months. Pursuant to 18 U.S.C. § 3583(e)(3), the statutory maximum imprisonment sentence is 24 months because defendant was sentenced originally for a Class C felony.

After reviewing the non-binding policy statements in Chapter 7 of the Sentencing Guidelines and hearing the arguments of counsel, I agree with the parties that defendant's sentence should run concurrently with the state sentence he is serving at the present time. This sentence will hold defendant accountable for his behavior, protect the community and

enable defendant to participate in domestic violence counseling.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant Gregory Alan Faulkner on July 22, 1998, in Case No. 98-CR-34-S-01 is revoked and defendant is committed to the custody of the Bureau of Prisons for a term of 14 months, with credit for time served since February 10, 2007. This sentence is to be served concurrently with defendant's probation revocation sentence imposed by the Circuit Court for Rock County, Wisconsin, in Case No. 2003CF002812. Defendant is to serve a two-year term of supervised release. All conditions of supervised release previously imposed will remain in effect, including the order to pay restitution in the amount of $2,488. In addition, the following special condition is ordered:

> Special Condition No. 7: Defendant is to participate in and complete domestic violence counseling.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration and supervision.

Entered this 21st day of February 2008.

/s/

BARBARA B. CRABB

United States District Judge